Chief Justice Robertson
delivered the Opinion of the Court.—
Judge Marshall did not sit in this case.
Alexander K. Marshall having, in 1825, upon a superior entry, obtained a decree for the conveyance of the elder legal title, by William Parker and Benjamin Bean, to a tract of land identified by the decree — this suit in chancery was instituted, in 1835, by Charles T. Marshall, as devisee of Eliza G. Marshall, who was devisee of his father, the said Alexander K., for the purpose of reviving and executing the decree, against Abner Hord, upon the following grounds:—
First. That A. K. Marshall having died in a short time after the date of the decree, it had never been executed, either by Parker and Bean, or by the commissioner who had been appointed by it to make the conveyance, on their failure to do so as directed.
Second. That, about six months after the date of the decree, William Parker had conveyed the legal title to *496 two hundred and fifty acres of the land, to his brother, Richard Parker, who had, not long afterwards, conveyed about twenty six acres thereof to the said Abner Hord, who now holds the title and possession thereof.
The papers in the suit identify the land in contest, as part of that embraced by the original decree.
A complainant having obtained a decree for a conveyance, and died before it was made, the right of his representative to revive the decree, ten years afterwards, is not affected by time. He may maintain his bill to revive the decree, as to the whole or a part of the land, and as well against a purchaser (with notice) under the original deft, as against him. A conveyance in pursuance of a decree upon the bill of revivor, passes all the grantor’s right — of title, and of possession, to the grantee: and an eject, would not be affected by the running of time anterior to the conveyance.
*496 And, third—that, as to the residue of the land embraced by the decree, he (the complainant) had adjusted his claim thereto, by compromises with the parties concerned.
Hord, Bean, Richard Parker, and the heirs of William Parker, having been made defendants, Bean, R. Parker, and Hord, answered the bill; the latter of whom resisted the revivor, chiefly on the ground of the lapse of time, and of continued occupancy by himself and those under whom he holds, for more than twenty years, and of his own actual settlement for more than seven years, prior to the commencement of this suit.
The Circuit Court, on the final hearing, revived the former decree, against Hord, to the extent of the twenty six acres held by him—to which extent only, there was a prayer for revivor; and, having coerced a conveyance from him to the complainant, also made an order requiring him to surrender the possession of the land so conveyed.
Hord now complains of that decree, on three grounds: first—because, as he insists, there is nothing in the record identifying the land embraced in the last decree, with any of that included in the decree of 1825; second—because, as he argues, he is protected by the lapse of time; and, third—because, as he also urges, the Court had no right to order a surrender of the possession.
These points are, in our judgment, all and each, unavailing.
First. We are perfectly satisfied that the bill, and the answer of Hord, and the surveyor’s report, and the decree of 1825, considered together, sufficiently show that the twenty six acres are embraced by that decree.
Second. The time which elapsed, certainly could not, per se, bar the revivor of the decree of 1825.
And after such revivor, the appellee is entitled to all the benefit of the revived decree, so far as it has been revived; and the conveyance, in obedience to the revi *497 ving decree, having passed to him all the right which the appellant held at the date of the deed, an action of ejectment on that title could not be barred or affected by any lapse of time prior to the date of the appellant’s conveyance, whereby he transferred to the appellee his entire right, as well that of possession as that of mere title; and therefore, though the legal right of entry was not affected by the decree of 1825, for a conveyance, nevertheless, when the title was conveyed in execution of that decree, the whole right held by the conveyor, having passed to the conveyee, all title arising from lapse of time and prior occupancy was vested in the latter, and could not, of course, be urged against him by the former, who had thus conveyed it to him.
A party obtained a decree for a conveyance merely; after which, but before the conveyance was made, he died; and the defendant sold part of the land: the complt’s representative filed his bill, against the original defendant and his vendee, to revive the decree, and obtain the possession of that land—having compromised as to the residue. By the original decree, the parties were dismissed out of Court; and the defendant’s vendee, therefore, was not a lis pendens purchaser, and query, whether the decree was, per se, notice to him. But held, that—as he did not rely that he was a bona fide purchaser, without notice, and for a valuable consideration, a decree, compelling him to convey so much of the land as was held by him, was proper; and the court may carry out and effectuate the decree, by compelling him to surrender the possession—notwithstanding there was no decree or order for that purpose, rendered in favor of the original complainant, or prayed for in his bill. The purchaser should not complain of such a decree, as it was the chief purpose for which he was brought before the court, and as, without it, he might be subject to an expensive ejectment—which a court of equity should not render necessary by an imperfect decree.
Were this not so, a decree for a conveyance rendered after the expiration of twenty years from the time the defendant’s adverse occupancy commenced, might be defeated or rendered nugatory by the mere lapse of time, although the bill, on which it was founded, had been filed within less than twenty years, or even immediately, after the commencement of the adverse possession.
Third. Though the decree of 1825 did not require a surrender of possession, and though, also, it not only was final, but improvidently “ dismissed the parties out of Court,” so that when, afterwards, William Parker conveyed to Richard Parker, and the latter to the appellant, there was no lis pendens, nevertheless, we are of the opinion that the order for the yielding up of the possession was proper.
The appellant has not relied on his being a bona fide *498 purchaser without notice of the equity established by the decree of 1825; nor has he even suggested that, when he acquired his title, he had not notice in fact of that decree, or that he gave any valuable consideration: and, consequently, we need not consider the question, whether the lis pendens was so ended by that decree, as that the decree itself, or the suit in which it was rendered, did not operate as constructive notice; nor whether, if there was no notice, actual or constructive, a bona fide purchaser from Parker, after the rendering of the decree, should be protected against the equity which it had settled against the vendor.
And we are of the opinion that, though A. K. Mar.shall had not prayed specifically for a surrender of the possession, as well as for a conveyance of the elder legal title, yet, as the object of his bill was to quiet his claim, and recover the land upon his superior equity, the Circuit Court, when it rendered the original decree, in his favor, upon the title, had a right to enforce its decree, and effectuate the ultimate end of the bill, by compelling a surrender of the possession. And, as this suit is brought for the purpose, not only of reviving the decree for a conveyance of the legal title, but of carrying it into complete execution, we are also of the opinion, that the Judge, who revived the decree, had, when it was thus revived, as full power to give it proper and perfect effect, as the Court which rendered it could have had when it was first pronounced. This is one of the chief purposes for suing Hord, and thus making him a new party, on the ground of privity of estate, and of his liability to the decree.
If the revivor be proper, Hord should not complain of the order for possession; because, having, by his conveyance in obedience to the decree, passed all the right he held at the date of it, he could not, on the ground of any antecedent possession or claim, resist a demand of the possession. He cannot, therefore, have been prejudiced, in judgment of law, unless it could be deemed prejudicial to him to have saved him from being harras *499 sed by another suit, to which he could make no legal or available defence, and which a court of equity should never render necessary, by an imperfect decree, when it has power to prevent it, by a proper, and full, and, in every sense, final decree.
Errors not assigned are not noticed.
Having thus considered all the errors which have been assigned, we shall not notice any other objections that might be suggested to the proceedings or the decree, and which, is not embraced in any of the errors as assigned.
Wherefore, the decree of the Circuit Court is affirmed.